IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BRIAN FRECHOU, #154990                                                                       PLAINTIFF

VERSUS                                          CIVIL ACTION NO.  1:13-cv-549-KS-MTP

RON KING, et al.                                                        DEFENDANTS

MEMORANDUM OPINION AND ORDER

Plaintiff Frechou, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the South Mississippi Correctional Facility, Leakesville, Mississippi, filed this *pro se* Complaint [1] pursuant to 42 U.S.C. § 1983.  The named defendants are Ron King, Superintendent; Greene County, Mississippi; Mississippi Court of Appeals; Johnnie Denmark, Warden; Captain Beverly Breland, Lieutenant Joy Ross, Officer Mae McCarty, Kyle Mills, and Judge Robert Krebs.  After liberal review of Plaintiff's Complaint [1] and Response [7], the Court has reached the following conclusions.

In his Complaint [1], Plaintiff states that on January 16, 2012, he was subjected to a random urine test.  Plaintiff tested positive for the use of unauthorized drugs.  Compl. [1] at 6. In his Response [7], Plaintiff states that he is challenging two separate Rule Violation Reports (RVR) - - - RVR # 1210412 and RVR # 1287147.  Resp. [7].  Plaintiff contends that he was falsely accused of violating the rules by Defendants Denmark, King, Breland, Ross, McCarty and Mills because they relied on a faulty drug test.  Compl. [1] at 4, 6.  Plaintiff argues that the "insta-cup drug screen" is not reliable because when an inmate takes certain prescribed medication he will test positive.  *Id*. at 4.  Plaintiff claims that he tested positive for THC because he had been taking prescribed medications.  *Id*. at 6.  Plaintiff received disciplinary hearings for the RVRs, was found guilty at the disciplinary hearings, and received as punishment

the loss of commissary privileges, phone privileges, and visitation privileges for a total of 180 days. *Id*. and Resp. [7].

According to Plaintiff, he exhausted his administrative remedies and then filed a complaint in the Circuit Court of Greene County. Compl. [1] at 5. Plaintiff complains that Defendant Judge Krebs, without considering the Defendant's response, affirmed the decision of the prison officials in denying Plaintiff's requests for administrative relief. *Id.* Plaintiff further complains that he was charged filing fees in the amount of $119.00 by the Circuit Court of Greene County, and $24.00 was subsequently withdrawn from Plaintiff's inmate account. *Id*.

**I. Analysis**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court has permitted the Plaintiff to proceed *in forma pauperis*[1] in this action; therefore his Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev*., 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993). According to the allegations, this Court finds that Plaintiff is asserting that his constitutional

---

[1]Plaintiff was granted permission to proceed *in forma pauperis* by the Order [6] entered on October 11, 2013.

rights under the Due Process Clause have been violated as a result of being issued and found guilty of the RVRs for testing positive for the use of THC; that the state court judge violated Plaintiff's due process rights when he dismissed his complaint; that funds have been wrongfully deducted from Plaintiff's inmate account; and the decision by the Mississippi Court of Appeals to dismiss his appeal based on *Nelson v. Bank of Mississippi*, 498 So. 2d 365 (Miss. 1986) is unconstitutional. Compl. [1] at 4-7.

To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which is adverse to a prisoner. *See Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *King v. Sims*, 2009 WL 2497154, at *5 (Aug. 14, 2009) (reclassification, reassignment and loss of canteen, phone and visitation privileges did not constitute a violation of plaintiff's constitutional rights); *see also Sharp v. Anderson*, 2000 WL 960568, at *1 (5th Cir. 2000)(inmate's claim that he was kept in administrative segregation for 112 days after he was found not guilty of a disciplinary charge did not implicate the protections of the due process clause). Therefore, Plaintiff simply did not suffer an atypical and significant hardship in relation to the ordinary incidents of prison life by losing his prison privileges for 180 days or possibly being reclassified and thus, he has not suffered a constitutional deprivation that is cognizable under 42 U.S.C. §

1983 against Defendants Denmark, King, Breland, Ross, McCarty and Mills . *See Braxton v. Gusman*, 2011 WL 802622, at *4-5 (E.D. La. Feb. 7, 2011).

As for Plaintiff's claims against Defendant Judge Krebs, the Court finds this defendant is immune from suit. *See Hulsey v. Owens*, 63 F.3d 654, 356 (5th Cir. 1995) (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)("Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'")). The case law is well established that a judge enjoys absolute immunity from damages when performing within his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349 (1978). Judicial immunity can be overcome only by showing that the actions were non-judicial in nature, or by showing that the actions were taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Forrester v. White*, 484 U.S. 219, 220-21 (1988). The United States Court of Appeals for the Fifth Circuit has developed a four-factor test to use in determining whether a judge acted within the scope of his judicial capacity. *See Ballard v. Wall*, 413 F.3d 510 (5th Cir. 2005). The four factors are "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Id.* at 515.

Applying the four factors set forth in *Ballard* to the instant case, this Court finds that it is clear that Judge Krebs is entitled to judicial immunity. *Id*. Judge Krebs' decision to dismiss Plaintiff's case based only on the complaint fell well within the normal judicial function, and there is no indication that his actions occurred outside the courtroom, his chambers/office, or

4

other appropriate space.  Consequently, the Court concludes that Plaintiff cannot maintain an action pursuant to 42 U.S.C. § 1983 against Defendant Judge Krebs, as he is judicially immune.

Plaintiff also names the Mississippi Court of Appeals as a defendant.  A suit for federal civil rights claims cannot be maintained against the Mississippi Court of Appeals because the Eleventh Amendment precludes such an action.  *See Scott v. Supreme Court of Louisiana*, 2013 WL 1288565, at \*3 (E.D. La. Mar. 27, 2013)(holding that the plaintiff is precluded from pursuing his claim against the state high court, which is a branch of state government, because of the Eleventh Amendment).  Additionally, a state court is not considered a person within the meaning of § 1983.  *See id.* n. 7 *(citing Moity v. Louisiana Bar Ass'n*, 414 F.Supp. 180, 182 (D.C. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976)).   As such, Plaintiff's claims against Defendant Mississippi Court of Appeals will be dismissed.

Moreover, Plaintiff's claim relating to the dismissal of his appeal for failure to pay the costs based on the  Mississippi Supreme Court's decision in *Nelson v. Bank of Mississippi*, 498 So. 2d 365 (Miss. 1986) is, in essence, asking this Court to review the state court decision.  Because of the *Rooker-Feldman* doctrine, which holds that " ' federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts,' " this Court does not have jurisdiction to consider this claim.  *See Hultberg v. Louisiana*, 163 F.3d 1356 (5th Cir. 1998)(holding that "[a] constitutional challenge is "inextricably intertwined" with a state court judgment when the district court, in essence, is asked to review the state court decision, *see Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993) (quoting *Feldman*, 460 U.S. 462, 483-84 n. 16), and the challenge is not " 'separable from and collateral to' the merits of the state-court judgment," *id*. (quoting *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 21

5

(1987)(other citations omitted)).

As for Greene County, Plaintiff names this party as a defendant because it is the county where the state court proceedings were held. Specifically, Plaintiff states "Greene County is Defendant #2 in this matter due to Plaintiff being denied due process where the complaint was given no consideration before being denied." Compl. [1] p. 7. Plaintiff further contends that Defendant Greene County is taking funds from his inmate account and offers as support exhibits "C," "E," and "F" attached to the Complaint. *Id.*

The decision concerning Plaintiff's complaint in state court was rendered by a judge, not Greene County, and as discussed above Defendant Judge Krebs is immune from suit. Plaintiff's claim against Greene County for allegedly taking funds from his prison account simply does not rise to a level of constitutional deprivation. The exhibits "E" and "F" of Plaintiff's inmate account merely indicate that Plaintiff has a liability to the county court. Even if Plaintiff does have a claim against Greene County for "taking" his funds, Plaintiff must pursue that claim in state court. It is well settled that intentional deprivations of property by state officials do not violate the due process clause of the Fourteenth Amendment if adequate post deprivation remedies exist. *See Hudson v. Palmer*, 468 U.S. 517, 531 (1984). This holds equally true for claims of negligent deprivation. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

State law may provide an adequate post deprivation remedy. *See Hudson*, 468 U.S. at 531; *Marshall v. Norwood*, 741 F.2d 761, 763 (5th Cir. 1984). The State of Mississippi provides at least two post-seizure remedies, including actions for conversion and claim and delivery. *See Wilson v. General Motors Acceptance Corp.*, 883 So.2d 56, 68-69 (Miss. 2004)(stating the

elements for a conversion claim); Miss. Code Ann. § 11-38-1 (claim and delivery). Further, it has been held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). Because the State of Mississippi affords Plaintiff an adequate post deprivation remedy for the alleged deprivation of his property, *i.e.*, inmate funds, this Court finds that no due process violation exists. Therefore, Plaintiff has failed to state a violation of a constitutional right as required to maintain this claim pursuant to 42 U.S.C. § 1983.

## II. Conclusion

As stated above, Plaintiff's allegations do not rise to a level of constitutional deprivation. Plaintiff's allegations relating to his RVRs and disciplinary proceedings against Defendants King, Denmark, Breland, Ross, McCarty and Mills will be dismissed with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), *see Sharp v. Anderson*, 2000 WL 960568, at *1 (5th Cir. 2000)(determining that the dismissal by the District Court of a § 1983 suit regarding a disciplinary violation as frivolous was proper and also dismissing the appeal as frivolous), and will count as a strike pursuant to 28 U.S.C. § 1915(g), *see Comeaux v. Cockrell*, 72 Fed. App'x 54, 55 (5th Cir. 2003)(holding that "[t]he district court could dismiss part of Comeaux's compliant as malicious, which counted as a strike [ ], even though the case was ultimately dismissed for failure to comply with court orders"). Plaintiff cannot pursue this civil action against Defendant Judge Krebs, as he is judicially immune. Finally, Plaintiff's claims against Defendants Mississippi Court of Appeals and Greene County, Mississippi, will be dismissed with prejudice.

Since this case is dismissed pursuant to the above-mentioned provision of the Prison

Litigation Reform Act, it will be counted as a "strike."  *See* 28 U.S.C. § 1915(g).  If Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

SO ORDERED this the 15th day of January, 2014.

> *s/ Keith Starrett*
> UNITED STATES DISTRICT JUDGE